IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2004

## STATE OF TENNESSEE v. QUINCY ALEXANDER NORMAN

**Appeal from the Circuit Court for Carroll County**
**No. 02CR-1968 C. Creed McGinley, Judge**

---

**No. W2003-00635-CCA-R3-CD  - Filed August 5, 2004**

---

The appellant, Quincy Alexander Norman, Jr., pled guilty to one count of driving under the influence with two prior driving under the influence convictions and one count of driving on a revoked license with his sentence to be determined by the trial court.  For the DUI conviction, the trial court sentenced the appellant to an 11-month-and-29-day sentence to be served on probation following 150 days in the county jail and fined the appellant $1,100.  The trial court also imposed a concurrent sentence of six months to be served on probation following 30 days of incarceration for the driving on a revoked license conviction.  In this direct appeal, the appellant challenges the trial court's use of two prior DUI convictions for enhancement of his sentence, the trial court's failure to order full probation after service of the mandatory minimum sentence, and his sentence as excessive.  Because the appellant pled guilty to DUI third offense, he waived all non-jurisdictional defects and constitutional irregularities which may have existed with respect to his two prior DUI convictions prior to the plea.  Further, we determine that the trial court sentenced the appellant appropriately. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JAMES CURWOOD WITT, JR., JJ., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellant, Quincy Alexander Norman.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; Robert Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General,  for the appellee, State of Tennessee.

**OPINION**

Factual Background

The appellant was arrested in Hollow Rock, Tennessee on January 12, 2002 for driving under the influence of an intoxicant ("DUI"), driving on a revoked license, vandalism over $1,000, and violation of the implied consent law. According to the arrest warrants, the appellant drove his vehicle off the road and struck a building. The appellant admitted that he had been drinking but refused to provide either a breath or blood sample to be tested for the presence of intoxicants.

On September 3, 2002, the Carroll County Grand Jury returned a two-count indictment against the appellant for DUI, third offense and driving on a revoked driver's license. The indictment listed two prior DUI convictions, one occurring July 6, 1995 in Carroll County, and one occurring September 25, 2001 in Henry County.

On January 27, 2003, the appellant entered guilty pleas to one count of DUI, third offense[1] and one count of driving on a revoked license with the sentence to be determined by the trial court. Prior to sentencing, the appellant filed a notice of mitigating factors in which the appellant asked the trial court to consider the following mitigating factors: (1) the defendant acted under strong provocation i.e. alcohol addiction; (2) before detection or voluntarily, the defendant compensated or made a good faith attempt to compensate the victim of the criminal conduct for the damage or injury the victim sustained as his insurance company paid all claims; (3) the defendant was suffering from a mental or physical condition, namely alcohol addiction, that significantly reduced the defendant's culpability for the offense, and this condition was not the result of the voluntary use of intoxicants; and (4) the defendant accepted responsibility and pled guilty without incurring the additional expenses of a jury trial.

After a sentencing hearing, the trial court sentenced the appellant to an 11-month-and-29-day sentence for DUI to be served on supervised probation after 150 days in the county jail; in addition, the trial court imposed a concurrent sentence of six months to be served on probation following 30 days of incarceration for the driving on a revoked license conviction. The trial court did not make any findings of fact on the record.

Subsequently, the appellant filed a "Motion for new trial/rehearing reconsideration of multiple offender sentence because of invalid enhancement factor-no attorney of record" on March 3, 2003, claiming that the trial court erroneously utilized the appellant's two prior DUI convictions to enhance the sentence where the judgments of the prior convictions failed to show on the face of the documents that the appellant was represented by counsel. That same day, the appellant filed a

---

[1]Although the judgment lists the appellant's offense as "driving under the influence w/ 2 priors," Tennessee's code only contemplates the offense of "driving under the influence" with a defendant's three or less prior convictions for DUI or DWI being relevant to establish the minimum period of incarceration required in a given case. See Tenn. Code Ann. § 55-10-403.

notice of appeal. On March 18, 2003, the appellant filed an amended motion for new trial. It does not appear from the record that the trial court ever made a ruling on the motion for new trial or amended motion for new trial.[2]

On appeal, the appellant presents the following issues: (1) whether the trial court erred in denying full probation after service of the mandatory minimum sentence; (2) whether the sentence was excessive and not supported by the proof; and (3) whether the trial court erred in utilizing the appellant's prior DUI convictions for enhancement of his sentence.

Prior Convictions

According to the indictment appearing in the technical record, the appellant was first convicted of DUI in Carroll County, Tennessee, in 1995. His second conviction for DUI occurred in 2001 in Henry County. As required by statute, the appellant's indictment for DUI, third offense listed both the time and place of the two prior DUI convictions. See Tenn. Code Ann. § 55-10-403(g)(2). Although not entirely clear, the appellant's argument seems to be that the two prior convictions are invalid on their face because they fail to show: (1) that the appellant was represented by or waived his right to counsel; (2) that the appellant waived the right against self-incrimination; (3) that the appellant waived the right to confront witnesses; (4) that the appellant waived the right to a jury trial; (5) that the appellant was given an explanation of the immediate effect and consequences of a guilty plea; (6) an explanation of the nature of the charges; and (7) that they comply with the requirements of Boykin v. Alabama, 395 U.S. 238 (1969). As a result, he argues that the two prior convictions should not have been used to enhance his conviction to a DUI third offense.[3] The State disagrees, arguing that the appellant's claim is without merit because he "failed to challenge the prior convictions and should not now be allowed to collaterally attack his sentence."

We begin our analysis by noting our agreement with the State's general assertion that the appellant cannot collaterally attack a prior conviction without first showing that it is facially invalid. The Tennessee Supreme Court has recognized the rule "that a facially valid, unreversed judgment in a court with jurisdiction over the subject matter and the person cannot be collaterally attacked in a subsequent proceeding except by the authorized routes of attack." Id. at 271.

However, it is well-established that the voluntary entry of an informed and counseled guilty plea constitutes an admission of all facts necessary to convict and waives all non-jurisdictional defects and constitutional irregularities which may have existed prior to the entry of the guilty plea. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999); Hicks v. State, 945 S.W.2d 706, 709 (Tenn. 1997); Wallen v. State, 863 S.W.2d 34, 38-39 (Tenn. 1993). We are unable to find any jurisdictional irregularity or defect in the proceedings herein leading to the entry of the guilty plea on the

---

[2] The trial court's failure to address the merits of the appellant's motion does not affect our ability to review this case on appeal as a motion for new trial is not an appropriate motion to file following the entry of a guilty plea. See State v. McClintock, 732 S.W.2d 268, 271 (Tenn. 1987).

[3] The appellant does not challenge the validity of the guilty plea that is the basis for this appeal.

appellant's offense of DUI with two prior convictions that would give validity to the appellant's argument herein. As stated previously, the appellant does not challenge the validity of the plea for DUI third offense. Further, the record does not contain a transcript of the guilty plea hearing. On appeal, the appellant carries the burden of ensuring that the record conveys a fair, accurate, and complete account of what has transpired with respect to the issues that are the bases of appeal. See Tenn. R. App. P. 24(b); see also Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App.1997).

When the appellant pled guilty to "driving under the influence w/ 2 priors" he effectively accepted the validity of the two prior valid DUI convictions and admitted that he was guilty of DUI for the third time. That guilty plea effectively waived any non-jurisdictional defects or constitutional irregularities in the proceedings, including the possibility that the prior convictions could be used to enhance his punishment. In our opinion, any question as to the classification of the offense as a DUI third offense was waived by the guilty plea. Accordingly, we affirm the trial court's decision to enhance the appellant's DUI conviction by utilizing his two prior DUI convictions.

Sentencing

The appellant also argues that his sentence is excessive compared to "other DUI offenders" and that the trial court failed to consider alternative sentencing. The State contends that the trial court did not abuse its discretion in sentencing the appellant.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

Again, there is no transcript of the guilty plea hearing in the record on appeal. Failure to include the transcript of the guilty plea hearing in the record prohibits this Court's conducting a full de novo review of the sentence under Tennessee Code Annotated section 40-35- 210(b). Generally, our proper course of action is to sua sponte presume the trial court's decision is correct. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999).

In any event, we conclude that the trial court did not err by sentencing the appellant to an 11-month-and-29-day sentence to be served on probation following the service of 150 days in the county jail. The mandatory minimum sentence for third offense DUI is 120 days incarceration. Tenn. Code

Ann. § 55-10-403(a)(1). Neither the trial court nor this Court has the power to reduce the appellant's incarcerative sentence below 120 days.

Further, misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See Tenn. Code Ann. § 40-35-302(b). Misdemeanor sentencing is designed to provide the trial court with continuing jurisdiction and a great deal of flexibility. See State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998); State v. Baker, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). One convicted of a misdemeanor, unlike one convicted of a felony, is not entitled to a presumptive sentence. See State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994).

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of service of the sentence. Tenn. Code Ann. § 40-35-302(a). The trial court retains the authority to place the defendant on probation either immediately or after a time of periodic or continuous confinement. Tenn. Code Ann. § 40-35-302(e). In determining the percentage of the sentence to be served in actual confinement, the court must consider the principles of sentencing and the appropriate enhancement and mitigating factors, and the court must not impose such percentages arbitrarily. Tenn. Code Ann. § 40-35-302(d).[4]

In the case herein, a sentencing hearing was held separately from the guilty plea hearing. At the sentencing hearing, no proof was offered by either the appellant or the State. There was no pre-sentence investigative report introduced. The indictment, however, contained detailed references to the appellant's two prior DUI convictions. The appellant's trial counsel filed a notice of mitigating factors, claiming that (1) the appellant acted under a strong provocation, i.e. alcohol addiction; (2) the appellant compensated the victim of the criminal conduct for the damage or injury the victim sustained as his insurance paid for the property damage that was caused when he crashed his car into a building; (3) the appellant was suffering from alcohol addiction at the time of the offense that significantly reduced his culpability; and (4) the appellant accepted responsibility and pled guilty without incurring the additional expense of a jury trial. The appellant's trial counsel was also permitted to argue for the application of mitigating factors at the hearing.

At the conclusion of the sentencing hearing, the trial court did not make any findings of fact on the record. The Tennessee Supreme Court has stated that in misdemeanor sentencing the trial court did need not make specific findings of fact on the record, so long as it appears the trial judge considered the principles of sentencing in the code and applicable enhancement or mitigating factors. Tenn. Code Ann. § 40-35-302(d); Troutman, 979 S.W.2d at 274; State v. Russell, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999). The defendant has the burden of establishing suitability for full

---

[4]Unlike other misdemeanor offenders, a DUI offender may be "sentenced to serve the entire eleven month and twenty-nine day sentence imposed as the maximum punishment for DUI." State v. Palmer, 902 S.W.2d 391, 394 (Tenn. 1995).

probation.  <u>Troutman</u>, 979 S.W.2d at 274; <u>State v. Housewright</u>, 982 S.W.2d 354, 357 (Tenn. Crim. App.1997); Tenn. Code  Ann. § 40-35-303(b).

The entire substance of the appellant's argument regarding sentencing is that the "evidence in the record develops a single Tennessee conviction for Driving Under the Influence" and that because he was improperly convicted of DUI third offense, the sentence is excessive.  He also argues that the trial court failed to consider alternatives to incarceration.  While the trial court did not announce a basis for ordering the appellant to serve 150 days prior to being allowed to serve the remainder of his sentence on probation, the appellant has not demonstrated on appeal that a sentence requiring service of twenty days beyond the mandatory minimum sentence is improper.  Accordingly, we affirm the sentence as imposed by the trial court.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE